**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CARY LYN ATWOOD;**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00588-WWB-PRL**

**THE STATE OF FLORIDA, FIFTH JUDICIAL CIRCUIT OF FLORIDA, et al.,**

**Defendants,**
**_______________________________________/**

# ORDER

This cause comes before the court on pro se Plaintiff's Motion for Leave to File Electronically via the Case Management/Electronic Filing System ("CM/ECF"). (Doc. 4). Plaintiff notes that she has an existing PACER account. (*Id.* at p. 1-2).

"By administrative order, the court can prescribe procedures governing electronic filing." M.D. Fla. Local Rule 1.01(c); *see also* Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule[.]"). Pursuant to the Court's Administrative Procedures for Electronic Filing, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida.

"Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v.*

*Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No: 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted). Here, Plaintiff has not shown sufficiently compelling circumstances as to why she should be permitted to access and file documents in CM/ECF. Accordingly, her Motion for Leave to File Electronically is due to be **denied**.

However, a pro se litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in their case. The docket reflects that the Clerk sent Plaintiff notice regarding this form ("Notice to Pro Se Litigant Regarding Consent to Receive Notices of Electronic Filings (NEF)"). The notices of electronic filing will contain a hyperlink that will allow Plaintiff to view the document for the first time for free. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER at page 13.[1] Please note that when the court allows a pro se litigant to receive notice of filings by email, the clerk's office no longer mails paper copies.

[1] The Court's Guide for Proceeding Without a Lawyer can be accessed at http://www.flmd.uscourts.gov/pro_se/default.htm

DONE and ORDERED in Ocala, Florida on August 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties