**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CARY LYN ATWOOD,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00588-WWB-PRL**

**THE STATE OF FLORIDA, FIFTH JUDICIAL CIRCUIT OF FLORIDA, et al.,**

**Defendants.**
___________________________________/

**ORDER**

This matter is before the Court upon referral of pro se Plaintiff Cary Lyn Atwood's motion titled: "Motion to Disqualify Magistrate Judge Philip R. Lammens and Decline Magistrate Jurisdiction." (Doc. 18). For the reasons explained below, Plaintiff's motion is due to be **denied**.

In her motion, Plaintiff requests that the undersigned be disqualified from the case, that no magistrate judge participate in this action, "that all further proceedings be conducted exclusively by an Article III judge," and that "prejudicial search results or conceptions made as a result of [the undersigned's] entry into a 'mc' docket be disregarded by court personnel." (Doc. 18 at 1-2). Plaintiff appears to be referring to the Court's order in Case No. 5:26-mc-00004-JSS-PRL. The Court ordered the Clerk to no longer accept filings from Plaintiff in that matter, as her previous "'sovereign citizen' filings" were frivolous and an improper basis to establish "facts" in Plaintiff's other cases. *Cary Lyn Atwood Estate v. United States*, No.: 5:26-mc-00004-JSS-PRL, 2026 WL 2541976, at *1 (M.D. Fla. Aug. 28, 2026). Plaintiff has

appealed that order to the District Judge. *See Cary Lyn Atwood Estate v. United States*, No.: 5:26-mc-00004-JSS-PRL (Doc. 13) (M.D. Fla. Sept. 8, 2026).

Plaintiff argues that the undersigned should be removed from this case due to "demonstrated bias" as evidenced by the "characterization of Plaintiff as a 'sovereign citizen.'" (Doc. 18 at 3). Plaintiff states that this "labeling has caused [her] demonstrable harm," such as "heightened scrutiny by law enforcement," "[p]otentially causing irreparable harm to Plaintiff's reputation and personal safety," "[v]iolating Plaintiff's First Amendment rights to free expression," "[p]lacing Plaintiff's name directly at the top of Google search as a 'sovereign citizen,'" "[d]enying Plaintiff access to the court," and "[u]sing this characterization to discredit Plaintiff's assertion of constitutional rights." (Doc. 18 at 3). Plaintiff also states that she does not consent to the jurisdiction of a magistrate judge. (Doc. 18 at 1, 3).

Under 28 U.S.C. § 455(a), a "magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." To determine whether recusal is warranted, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)). However, "[a] charge of partiality must be supported by some factual basis," and "[r]ecusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (per curiam) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

To be disqualifying, alleged bias or prejudice generally must be "personal as distinguished from judicial in nature," and "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 841 (11th Cir. 2017) (per curiam) (noting that judicial bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties" (quoting *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam))). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *Grinnell*, 384 U.S. at 583); *see also Jaffe*, 793 F.2d at 1189 ("a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case").

Here, Plaintiff appears to be alleging bias based on the undersigned's order in a different case. (Doc. 18 at 3); *see also Cary Lyn Atwood Estate*, 2026 WL 2541976, at *1. Plaintiff alleges that the undersigned's characterization of her as a "sovereign citizen" caused her demonstrable harm. (Doc. 18 at 3). However, Plaintiff fails to provide any facts demonstrating an extrajudicial source of bias or prejudice, instead basing her motion on her dissatisfaction with the language used by the undersigned in an order in a different matter involving Plaintiff.[1] As discussed above, judicial rulings alone are almost never sufficient to warrant recusal. *Liteky*, 510 U.S. at 555 (citing *Grinnell*, 384 U.S. at 583); *see also McLeod*, 679 F. App'x at 842

[1] The Court's order referred to Plaintiff's numerous filings in the matter as "'sovereign citizen' filings" and drew no conclusions about Plaintiff herself. *See Cary Lyn Atwood Estate*, 2026 WL 2541976, at *1.

(holding that "[t]he magistrate judge's adverse rulings [were] not alone enough" to warrant recusal). The proper avenue to contest adverse rulings is through "appeal, not recusal." *Liteky*, 510 U.S. at 555.

Additionally, Plaintiff's declination of consent to the exercise of jurisdiction by a magistrate judge (Doc. 18 at 2-3) does not affect the ability of the undersigned to act in this case. The parameters of a magistrate judge's authority are defined by 28 U.S.C. § 636. Pursuant to this statute, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to certain exceptions, none of which are applicable to the present motion pending before this Court. 28 U.S.C. § 636(b). The Middle District of Florida has also addressed magistrate judge authority by local rule and administrative order, both of which confirm that magistrate judges may exercise the authority permitted by the Constitution and laws of the United States. *See* Second Amended Order Re: Utilization of Magistrate Judges, No. 3:21-mc-1-TJC (Doc. 157) (M.D. Fla. Oct. 30, 2024); M.D. Fla. Local Rule 1.02. While Plaintiff can decline to consent to a magistrate judge presiding over the case, *see* 28 U.S.C. § 636(c)(1), her declination of consent does not change a magistrate judge's authority under § 636(b) and this Court's rules.

Therefore, Plaintiff's motion (Doc. 18) is **denied**.

**DONE** and **ORDERED** in Ocala, Florida on September 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party