**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CARY LYN ATWOOD,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00588-WWB-PRL**

**THE STATE OF FLORIDA, FIFTH JUDICIAL CIRCUIT OF FLORIDA, et al.,**

**Defendants.**
______________________________________/

**ORDER**

This cause is before the Court on the pro se Plaintiff Cary Lyn Atwood's purported amended complaint (Doc. 17), and a motion for clarification, or in the alternative, extension of time, filed by Judge Bruce Carney and Sierra Nicole Drady ("Defendants"). (Doc. 21). For the reasons explained below, the Clerk is directed to **strike** the amended complaint. Additionally, Defendants' motion is **granted** to the extent that all Defendants shall be granted an extension of time to respond as discussed below.

When Plaintiff moved to file a supplemental complaint shortly after filing her initial complaint (Doc. 1), the Court informed her that she could do so by filing an amended complaint. (Docs. 11, 14). The Court specifically informed Plaintiff that she was required to file an amended complaint that would fully replace the initial complaint as the operative pleading. (Doc. 14 at 1-2). The Court instructed Plaintiff that her "amended complaint must be complete, including all related claims she wishes to raise, and must not refer to the initial complaint." (*Id.*). Despite these instructions, in direct violation of the Court's order, Plaintiff's

purported amended complaint states that it "supplements and does not replace the original complaint filed" and claims to incorporate all allegations from her initial complaint. (Doc. 17 at 1). The amended complaint itself fails to adequately identify any of the claims brought against each defendant or provide the facts underlying each claim, merely alleging that "[t]he original counts" from the initial complaint "remain unchanged," with brief reference to the subject matter of those claims. (*Id.*). Further complicating matters, the amended complaint purports to remove certain Defendants included in the initial complaint. (*Id.* at 1). Not surprisingly, some of the parties named as Defendants in the initial complaint have asked this Court for clarification regarding their role in the case and for an extension of time if they are required to respond. (Doc. 21).

The Clerk is directed to **strike** Plaintiff's amended complaint (Doc. 17) since it directly violates this Court's prior order. Additionally, Plaintiff's purported amended complaint (Doc. 17) fails to comply with local and federal rules. *See, e.g.*, M.D. Fla. Local Rule 1.08(a) (providing formatting requirements for pleadings submitted to the court); Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); *see also Lynch v. Anheuser-Busch Companies, LLC*, No. 3:24-cv-392-MMH-PDB, 2025 WL 589038, at *1-2 (M.D. Fla. Feb. 24, 2025) (striking plaintiff's amended complaint because it failed to comply with the Federal Rules of Civil Procedure and court orders).

Plaintiff shall have **14 days** from the date of this order to file a second amended complaint. The case will proceed against only the Defendants named in the second amended

complaint, and any parties not named as Defendants in the second amended complaint will be deemed dropped from the case. Until Plaintiff complies with this order, no Defendant shall be required to file any responsive pleading. The time to respond for all Defendants named in the second amended complaint will begin to run when Plaintiff's second amended complaint is filed.

Plaintiff's second amended complaint must contain all allegations in consecutively numbered paragraphs. Plaintiff shall assert each claim in a separate count and must tie the factual allegations to the elements of each claim. Plaintiff must also clearly allege who the defendants are and what actions were taken by each defendant with respect to each claim. Plaintiff may not simply incorporate all factual allegations into each count without identifying which facts apply to each claim. **Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute**. *See* M.D. Fla. Local Rule 3.10.

While Plaintiff is proceeding pro se, and therefore her pleadings are entitled to be construed liberally, she remains subject to procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (noting that while the court is "to give liberal construction to the pleadings of *pro se* litigants," they are still "required . . . to conform to procedural rules" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a

handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers).

**DONE** and **ORDERED** in Ocala, Florida on September 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party